COURT OF APPEALS OF VIRGINIA


Present: Chief Judge Moon, Senior Judges Cole and Duff


OWENS BROCKWAY
AND
INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA

v.   Record No. 1868-95-3              MEMORANDUM OPINION[*]
                                            PER CURIAM
CYNTHIA SUE BERRY                      DECEMBER 29, 1995


                          FROM THE VIRGINIA WORKERS'
COMPENSATION COMMISSION

          (Robert M. McAdam; Wooten & Hart, on brief), for
          appellants.

          (A. Thomas Lane, Jr., on brief), for appellee.



     Owens Brockway and its insurer (hereinafter collectively
referred to as "employer") contend that the Workers' Compensation
Commission erred in finding that (1) Cynthia Sue Berry's
bilateral carpal tunnel syndrome qualifies as a "disease" under
the Workers' Compensation Act ("the Act"); (2) her claim fell
under the purview of Code § 65.2-400 rather than Code § 65.2-401;
and (3) Berry was not required to market her residual work
capacity from June 23, 1994 through August 7, 1994.  Upon
reviewing the record and the briefs of the parties, we conclude
that this appeal is without merit.  Accordingly, we summarily
affirm the commission's decision.  Rule 5A:27.

     The facts are not in dispute.  As of May 1994, Berry had
been working for employer for approximately eight years.  From

───────────────

          [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

May 1993 to May 1994, Berry's job required that she stand at a table, pick up bottles, and place them in a box. She performed this job twelve hours per day, five days per week. She estimated that she packed between 20,000 and 30,000 bottles each shift. Berry first noticed problems with her hands in October 1993.

On May 27, 1994, Berry sought medical treatment from Dr. Jonathan K. Malone, an orthopedic surgeon, who diagnosed bilateral carpal tunnel syndrome caused by her job. On June 23, 1994, Berry underwent right carpal tunnel release surgery. Dr. Malone excused Berry from work during the six-week period after the surgery. In his deposition, Dr. Malone testified that Berry was not totally disabled during this six-week period, but that she would not have been able to use her right hand or arm in any gainful employment. Dr. Malone did not tell Berry that she could perform one-handed work during this six-week period. Pursuant to Dr. Malone's release, Berry returned to work without restrictions as of August 8, 1994.

## I. Disease Issue

We recently held in Perdue Farms, Inc. v. McCutchan, 21 Va. App. 65, 68, 461 S.E.2d 431, 435 (1995), that the general medical definition of carpal tunnel syndrome places it within the definition of disease set forth in Piedmont Mfg. Co. v. East, 17 Va. App. 499, 503, 438 S.E.2d 769, 772 (1993). As in Perdue, Berry's condition did not present as an obvious, sudden, mechanical or structural change in her body. Based upon our

2

holding in <u>Perdue</u> and upon Dr. Malone's diagnosis, we conclude that credible evidence supports the commission's finding that Berry's carpal tunnel syndrome is a condition characterized as a "disease" within the meaning of the Act.

## II. Applicability of Code § 65.2-400 vs. § 65.2-401

Because there was no evidence of substantial exposure to the causative hazards of carpal tunnel syndrome outside of Berry's employment, the commission properly considered Berry's claim under the provisions of Code § 65.2-400 rather than § 65.2-401. <u>Wells v. Commonwealth, Dep't of Transp.</u>, 15 Va. App. 561, 565, 425 S.E.2d 536, 538 (1993).

## III. Marketing

Employer contends that the commission erred in awarding Berry temporary total disability benefits from June 23, 1994 through August 7, 1994, because Dr. Malone opined that she was not totally disabled, but was only prohibited from using her right hand and arm.

Berry's testimony, and Dr. Malone's testimony and medical records, provide credible evidence to support the commission's finding of a short period of disability with a reasonable expectation of return to regular employment. Based upon these findings, the commission did not err in ruling that Berry was not required to market her residual capacity between June 23, 1994 and August 7, 1994. <u>See</u> <u>Holly Farms Foods, Inc. v. Carter</u>, 15 Va. App. 29, 42-43, 422 S.E.2d 165, 171-72 (1992).

3

Employer did not appeal the commission's finding that Berry proved that her condition was caused by her employment. Therefore, this finding is binding and conclusive upon us.

For the reasons stated, we affirm the commission's decision.

Affirmed.